**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GUY ANTHONY THOMAS, | : | |
| | : | Civil Action No. 14-2677(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Guy Anthony Thomas
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472
    Petitioner pro se

**HILLMAN,** District Judge

    Petitioner Guy Anthony Thomas, a prisoner confined at the United States Penitentiary-Canaan in Waymart, Pennsylvania, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255, challenging his conviction on charges of bank robbery.

    Pursuant to Local Civil Rule 81.2:

    Unless prepared by counsel, ... motions under 28
    U.S.C. § 2255 shall be in writing (legibly handwritten
    in ink or typewritten), signed by the petitioner or

movant, on forms supplied by the Clerk. L.Civ.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for Section 2255 motions, i.e., "AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)."

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.[1]  Petitioner will be granted leave to apply to re-open within 30 days by submitting a complete signed habeas petition on the appropriate form.

An appropriate Order will be entered.


At Camden, New Jersey                       s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated: June 24, 2014

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (applying Houston mailbox rule to the filing of federal habeas petitions); Woodson v. Payton, 503 F.App'x 110, 112 n.3 (3d Cir. 2012) (citing both Houston and Burns); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).